# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50274
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE EDUARDO QUEZADA-HUERTA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1631-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

For his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. § 1326, Jose Eduardo Quezada-Huerta challenges the substantive reasonableness of his within-Guidelines sentence. He does not claim procedural error in calculating his Guidelines sentencing range.

Quezada's total offense level of 17, coupled with his criminal-history category of I, resulted in a sentencing range of 24–30 months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-50274

At sentencing, Quezada asked the court to sentence him below that range because he had a minimal criminal history, and because he reentered the United States illegally out of fear that individuals who kidnapped him in 2010 sought to harm him again.  The court sentenced Quezada at the bottom of the sentencing range, to 24-months' imprisonment.  He objected "to the sentence under the [18 U.S.C. § 3553(a) sentencing] factors as exceeding what is necessary under those factors".

A properly-preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  For issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  To the extent Quezada failed to preserve in district court his contentions on appeal, review is only for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).

Quezada first contends his sentence is substantively unreasonable because Guideline § 2L1.2 lacks an empirical basis, thus its application resulted in an unduly inflated sentencing range.  Our court has repeatedly rejected similar challenges.  *E.g.*, *United States v. Duarte*, 569 F.3d 528, 530–31 (5th Cir. 2009); *United States v. Mondragon-Santiago,* 564 F.3d 357, 366–67.  (Quezada concedes a challenge to Guideline § 2L1.2's lacking an empirical basis is foreclosed in this circuit and raises this issue to preserve it for possible further review.)

Next, Quezada asserts his sentence overstates the seriousness of his offense and fails to provide just punishment because the Sentencing Commission recently revised § 2L1.2; and, under that revised Guideline, his resulting sentencing range would be substantially lower.  Quezada has not

No. 16-50274

shown the court erred by applying the version of the Guidelines in effect at the time of sentencing. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); U.S.S.G. § 1B1.11(a).

Finally, Quezada contends the sentence imposed did not adequately account for his personal history and characteristics, to wit: that he illegally reentered to flee from individuals who had previously kidnapped him. Where, as here, the district court imposes a sentence within a correctly calculated Guidelines sentencing range, a rebuttable presumption of reasonableness applies. *E.g.*, *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

The court sentenced Quezada within the Guidelines range after listening to his mitigating arguments regarding the dangers he allegedly faced in Mexico. The "sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Quezada fails to rebut the above-described presumption of reasonableness. In short, there was no error, plain or otherwise.

AFFIRMED.